UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SIMON ANDERSON,

                Plaintiff,

  -against-                                      ORDER

JAMES F. RECORE, Director, Temporary Release      99 Civ. 0975 (GBD)(HBP)
Programs, Department of Correctional Services,
JOSEPH WILLIAMS, Superintendent, Lincoln
Correctional Facility, and JOHNELLA HILL,
Sr. Counselor, Department of Correctional Services,

                Defendants.
------------------------------------------------------------X
GEORGE B. DANIELS, District Judge:

        Plaintiff commenced this action against officials of the New York State Department of Correctional Services ("DOCS"), asserting a claim under the Civil Rights Act of 1871, 42 U.S.C. § 1983. He alleges that his due process rights were violated in connection with his termination from DOCS' Temporary Release Program ("TRP"), because he was given no opportunity to participate in the Temporary Release Committee hearing which resulted in his removal from the program. Defendants moved for summary judgment on the ground that plaintiff's due process rights were satisfied by the Tier III disciplinary hearing.[1] Defendants also argue that they are entitled to qualified immunity. The motion was referred to Magistrate Judge Henry B. Pitman who issued a Report and Recommendation ("Report") wherein he found that defendant's motion for summary judgment should be denied, and instead summary judgment should be given *sua sponte* in plaintiff's favor.

---

[1]Plaintiff argued, but has since withdrawn his argument, that the doctrine of *res judicata* precludes defendants from relitigating this issue because it was ruled on in an article 78 proceeding.

In his Report, Magistrate Judge Pitman advised the parties that failure to file timely objections to the Report will constitute a waiver of those objections. Where there are no objections, the Court may accept the Report provided there is no clear error on the face of the record. Nelson v. Smith, 618 F.Supp 1186, 1189 (S.D.N.Y. 1985); see also, Heisler v. Kralik, 981 F.Supp. 830 (S.D.N.Y. 1997), aff'd 164 F.3d 618 (2d Cir. 1998). The parties submitted timely objections to the Report.

Plaintiff was an active participant in DOCS Temporary Release Program ("TRP"), which allowed him to live and work outside of a DOCS facility. In June 1996, plaintiff was served with an Inmate Misbehavior Report alleging that a urine sample he had submitted in May 1996 tested positive for cocaine. On June 14, 1996, plaintiff attended a hearing before the superintendent, commonly known as a Tier III prison disciplinary hearing, concerning his alleged use of cocaine. It is undisputed that plaintiff had notice of the hearing, testified in his own defense, heard the evidence presented against him, and received a written decision concerning the charge. At the conclusion of the hearing, plaintiff was found guilty of using cocaine in violation of DOCS' Standards of Inmate Behavior. He was transferred to Riverview Correctional Facility and his case was referred to the Temporary Release Committee ("TRC"), the body that administers the TRP and has sole authority to terminate plaintiff's participation in the program. 7N.Y.C.R.R §1904.2(f). On June 19, 1996, the TRC held a hearing ("TRC Hearing") at which plaintiff was not present. At the conclusion of the TRC Hearing, the TRC recommended that plaintiff be removed from the TRP. Plaintiff was subsequently removed from the program.

In his complaint, plaintiff argues that his absence from the TRC Hearing, and the resulting dismissal from the TRP, was in violation of his due process rights. He asserts that "he was removed from work release without notice and an opportunity to be heard at the June 19, 1996" TRC Hearing. Plaintiff's objections at 8. Although it is undisputed that plaintiff received no prior notice of the Temporary Release Committee Removal Hearing ("TRC Hearing"), was not present at the hearing, and was not able to present evidence in his defense, defendants argue that the June 14, 1996 Tier III disciplinary hearing ("Tier III Hearing") "served as the functional equivalent of a TRC hearing," and that plaintiff was afforded all the procedural protections he was due during his Tier III hearing. Defendants' Memorandum of Law in Support of their Motion for Summary Judgment at 13. Defendants assert that the Tier III Hearing was conducted in accordance with the Fourteenth Amendment and all applicable New York State regulations as required by 7 N.Y.C.R.R. § 1904.2(k), and that therefore they are not required to provide him further protection at the TRC Hearing. Defendants' Objections at 10.

A review of the relevant facts and case law show that the Tier III Hearing and the TRC Hearing are not functional equivalents. Conducting plaintiff's TRC Hearing in his absence, which resulted in his dismissal from TRP, was a violation of his due process rights. The Report's ultimate finding that defendants' motion for summary judgment on the issue of liability should be denied is therefore correct. Subject to the limitations introduced by <u>Sandin v. Conner</u>, 515 U.S. 472 (1995), this Circuit has long recognized an inmate's right to due process where the duration of his confinement or where disciplinary punishments involving "atypical and significant hardships" are at stake. <u>Id</u>. at 472; see <u>Wolff v. McDonnell</u>, 418 U.S. 539, 564-68 (1974) (including revocation of good-time

3

credits as such hardships); Tracy v. Salamack, 572 F.2d 393 (2d Cir. 1978) (per curiam) (including continued participation in work release program); Sira v. Morton, 380 F.3d 57, 69 (2d Cir. 2004) (including special confinement); Luna v. Pico, 356 F.3d 481, 487 (2d Cir. 2004) (same).

Where due process protections apply to a disciplinary proceeding (such as plaintiff's Tier III Hearing), they require advance written notice of the charges, an impartial hearing officer, an opportunity to call witnesses and present evidence and a written statement of the hearing's outcome. Due process does not require that prison disciplinary proceedings afford prisoners the right to confrontation or cross-examination. Wolff v. McDonnell, 418 U.S. at 567-68 (finding that "[i]t does not appear that confrontation and cross-examination are generally required in th[e] context" of disciplinary hearings); Sira v. Morton, 380 F.3d at 69 (stating that "there is no right to ... confrontation at prison disciplinary hearings."); see Luna v. Pico, 356 F.3d at 487.

In contrast to disciplinary proceedings affecting the conditions of confinement (i.e., Tier III Hearing), hearings on the revocation of parole or work release (i.e., plaintiff's TRC Hearing) "determine whether [an inmate] will be free or in prison, a matter of obvious great moment to him." Wolff v. McDonnell, 418 U.S. at 560. See Kim v. Hurston, 182 F.3d 113, 115, 117-18 (2d Cir. 1999) (finding that inmates participating in Temporary Release Program have a liberty interest that is protected by the Due Process Clause of the Fourteenth Amendment). Thus, the Court of Appeals of this Circuit has explicitly held that "more formality in parole revocation proceedings is required than in prison disciplinary hearings." Drayton v. McCall, 584 F.2d 1208, 1219 (2d Cir. 1978).

> "In the parole revocation context, the Supreme Court has held that due process requires: (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present . . . evidence; (d) the right to confront and cross-examine adverse witnesses . . .; (e) a "neutral and detached" hearing body such as a traditional parole board . . .; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole."

Friedl v. City of New York, 210 F.3d 79, 84-85 (2d Cir. 2000), quoting Morrissey v. Brewer, 408 U.S. 471, 489 (1972). In Friedl, the Second Circuit extended these more formal protections to work release revocation hearings, finding that "[s]imilar requirements [as in parole revocation hearings] would logically apply to revocation of work release." Friedl v. City of New York, 210 F.3d at 85; see also Quartararo v. Hoy, 113 F. Supp.2d 405, 412 (E.D.N.Y. 2000); Kroemer v. Joy, 769 N.Y.S.2d 357, 360, 2 Misc.3d 265, 268 (Sup. Ct. 2003).

There are, therefore, additional procedural steps that must be undertaken during work release revocation hearings (as outlined in Friedl) that are not required in disciplinary hearings. Clearly, plaintiff's absence from the TRC Hearing fails to meet the Friedl standards which require that plaintiff be given the opportunity to confront witnesses, controvert the evidence against him and to present evidence in his favor. Friedl v. City of New York, 210 F.3d 79. Moreover, it is undisputed that plaintiff was not afforded an opportunity to present evidence at any time to the TRC for their consideration, and that the TRC made its decision to terminate plaintiff's participation from the program without the benefit of hearing his argument.

Additionally, defendants' argument that the Tier III Hearing was the functional equivalent of the TRC Hearing lacks merit in light of the TRC's consideration of additional evidence at the TRC Hearing that was not present at the Tier II Hearing. According to the testimony of TRC Chairperson Johnella A. Hill, the TRC did not limit

its inquiry to the positive drug test that was the sole issue at plaintiff's Tier III disciplinary hearing. Rather, the TRC examined plaintiff's entire disciplinary record before recommending that his TRP participation be terminated. Hill claimed this was necessary because it is "the responsibility of the temporary release committee to consider all factors of an inmate's programming". (Testimony of Johnella A. Hill, Trial Transcript of <u>Anderson v. Williams</u>, dated July 14, 1997, at 30-32, annexed as Ex. B to Anderson Aff.). See 7 N.Y.C.R.R. § 1904.2(i) (finding that "the chairperson of temporary release will advise the committee members of the nature of the referral, the inmate's adjustment in the program to date and any other relevant information."). Plaintiff's Tier III Hearing failed to meet the standard set forth in <u>Friedl</u> and is, therefore, not an acceptable substitute for his TRC Hearing.

Defendants argue further that they are entitled to qualified immunity because it was not clearly established that a Tier III disciplinary hearing was not sufficient to satisfy the Due Process requirement the Second Circuit set out in <u>Tracy v. Salamack</u>, 672 F.2d 393 (1978). <u>Tracy</u> "held that the State of New York, in establishing the Temporary Release Program existing at the time, created a liberty interest that may not be terminated without an individualized due process hearing." <u>Roucchio v. Coughlin</u>, 923 F. Supp. 360, 375 (E.D.N.Y 1996). The liberty interest of which plaintiff was deprived, however, was terminated by the TRC Hearing and not the Tier III Hearing. 7 N.Y.C.R.R. §1904.2(f). Thus to obtain qualified immunity, defendants must show that their "actions did not violate, as stated in <u>Hope v. Pelzer</u>, 'clearly established statutory or constitutional rights of which a reasonable person would have known'" with regards to the TRC hearing, where plaintiff's liberty interest was violated. <u>Hope v. Peltzer</u>, 536 U.S. 730, 739 (2002), quoting <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982). Given that the DOCS

regulations unequivocally provide that the only proceeding at which an individual's continued participation in the TRP can be resolved is in the TRC hearing, Magistrate Judge Pitman was correct in finding that "no reasonable official could have concluded that affording an individual Due Process at the disciplinary hearing was an adequate substitute for Due Process at the TRC hearing." Report at 15. The defendants are therefore not entitled to qualified immunity.

After reviewing the Report and the objections by both parties, the Court adopts the Report's ultimate recommendation that defendant's motion for summary judgment be denied, and that summary judgment be granted in favor of non-movant plaintiff on the issue of liability.

Dated: New York, New York
June 22, 2005

SO ORDERED:

_____
GEORGE B. DANIELS
United States District Judge